**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

**JULIO CESAR DELGADO RIVERA,**
**A# 246-173-167,**

               Petitioner,

    v.

PAMELA BONDI in her official capacity
as Attorney General of the United States,
*et al.*,

               Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ED CV 26-01169-VBF-ACCV

Temporary Restraining Order and
Order to Show Cause Re:
Preliminary Injunction

On March 12, 2026, petitioner's counsel filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2241, CM/ECF Document ("Doc") 1, and an application for a temporary restraining order ("TRO") (Doc 2). That same day, March 12, 2026, attorneys were assigned to the case on behalf of the government respondents.

On March 13, 2026, the Clerk's Office issued a Notice (Doc 4) assigning the case to the undersigned District Judge and referring it to a United States Magistrate Judge for most pre-trial matters. Also on March 13, 2026, this Court issued an Order (Doc 5) directing the respondents to file a response to the TRO application no later than 11:59 p.m. this past Sunday, March 15, 2026, and permitting petitioner to file a reply to any such response by 11:59 p.m. on Monday, March 16, 2026.

It appears that the respondents failed to file a TRO response brief by the deadline

ordered, which was 11:59 p.m. last night, Monday, March 16, 2026.  A new attorney, Elaine Goss, filed a notice of appearance on behalf of the respondents this morning, Tuesday, March 17, 2026 (Doc 6), and petitioner roughly simultaneously filed a request for a ruling on his TRO application (Doc 7).

**Petitioner's unopposed application for a TRO [Doc #2] is GRANTED.**

**Respondents SHALL IMMEDIATELY RELEASE petitioner under the same terms as his previous release from ICE custody, and r**espondents may not impose additional monitoring restrictions on Petitioner, such as a GPS ankle bracelet.

**Pending further order of the Court, Respondents are restrained from re-detaining Petitioner absent the** government's demonstration, at a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community, such that his physical custody required.

**Respondents SHALL RETURN any confiscated property to Petitioner**, including, but not limited to, any identification documents and employment authorization documents.

Petitioner is not required to pay a security bond in this matter.

**No later than 12:00 noon on Friday, March 20, 2026, the respondents MAY SHOW CAUSE, in writing, why a preliminary injunction should not issue.**

**No later than 11:59 p.m. on Sunday, March 22, 2026, petitioner MAY FILE A REPLY or a notice stating that he does not intend to file a reply brief.**

The Court finds this matter suitable for resolution without oral argument.

IT IS SO ORDERED.

Dated:  March 17, 2026

_Valerie Baker Fairbank_
_____
Honorable Valerie Baker Fairbank
Senior United States District Judge